# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 Civ. No. 2:12-mn-00001 |
| LAKES OF SUMMERVILLE, LLC, individually and on behalf of all others similarly situated, Plaintiff, vs. MI WINDOWS AND DOORS, INC. Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:12-cv-01297-DCN **ORDER** |

This matter is before the court on defendant' motion to dismiss plaintiff's first amended complaint. For the reasons set forth below, the court grants in part and denies in part the motion to dismiss.

## I.  BACKGROUND

Plaintiff Lakes of Summerville, LLC (Lakes of Summerville) filed a class action complaint on May 17, 2012 and a first amended class action complaint on June 25, 2012. Defendant MI Windows and Doors, Inc. (MIWD) moved to dismiss the amended complaint on August 3, 2012. Lakes of Summerville filed a response in opposition on August 20, 2012, and MIWD filed a reply on August 30, 2012.

In its amended complaint, Lakes of Summerville claims that MIWD manufactured, marketed, supplied, delivered, and sold windows containing design and manufacturing defects that permit water intrusion. Am. Compl. ¶¶ 1-3, 9. MIWD

1

allegedly knew of these defects but failed to disclose them to prospective purchasers, including Lakes of Summerville, who bought the windows for use in the development and construction of improvements to real property. Id. ¶¶ 5, 23. According to Lakes of Summerville, it will be required to spend time and money investigating, repairing, and replacing these defective windows. See id. ¶ 12. Lakes of Summerville asserts causes of action for fraudulent concealment, breach of express warranty, breach of implied warranties, negligence, unjust enrichment, strict liability, and declaratory relief.

## II.   STANDARDS

### A.  Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. Johnson v. Hugo's Skateway, 974 F.2d 1408, 1416 (4th Cir. 1992). For diversity cases that are transferred in a MDL, "the law of the transferor district follows the case to the transferee district." Manual for Complex Litigation Fourth § 20.132. Therefore, this court must apply South Carolina substantive law and federal procedural law.

### B.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the

court's task is to determine whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III.   DISCUSSION

MIWD moves to dismiss the amended complaint, arguing that Lakes of Summerville lacks standing to bring each of its claims and that the claims are not plausible under Federal Rule of Civil Procedure 12(b)(6) and/or are not pled with the requisite particularity under Rule 9(b).

#### A.   Standing

MIWD first complains that Lakes of Summerville lacks standing to bring each of its claims because it does not presently own either the windows or other property allegedly damaged.

Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 499 (1975). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of L.A. v. Lyons, 461 U.S. 95, 101 (1983).

> To satisfy the constitutional standing requirement, a plaintiff must provide evidence to support the conclusion that: (1) "the plaintiff . . . suffered an injury in fact—an invasion of a legally protected interest which is (a)

>concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there [is] a causal connection between the injury and the conduct complained of"; and (3) "it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

White Tail Park, Inc. v. Stroube, 413 F.3d 451, 458 (4th Cir. 2005) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  Standing must be considered as it pertains to each cause of action:  "Standing is not dispensed in gross"; "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."  Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008) (internal quotation marks and citations omitted).

The parties agree to the above standards but dispute whether Lakes of Summerville can claim an actual or imminent injury in fact based on MIWD's sale of defective windows to Lakes of Summerville that were then used in construction of homes.  MIWD contends that any injury to Lakes of Summerville would be dependent on hypothetical actions brought against it by third party homeowners.  With respect to Lakes of Summerville's claims for negligence and strict liability, the court agrees.  Lakes of Summerville cannot stand in the shoes of the homeowners, who now own the allegedly defective windows, and assert claims in negligence and strict liability for economic losses to the windows themselves or adjoining finishes, walls, and other property in the homes.  See Am. Compl. ¶¶ 3, 96.  Lakes of Summerville lacks standing to bring these claims for injuries that allegedly arose *after* the windows were installed in the homes and ownership changed hands.  See Midland Builders, Inc. v. Semling-Menke Co., 703 N.W.2d 383 (Wis. Ct. App. 2005) (table) ("[T]o the extent an integrated system produced and sold by a manufacturer has become someone else's property, the manufacturer will ordinarily lack standing to initiate an action in tort against one of its component suppliers for

4

damage to the system or to property other than the system, in part because the manufacturer no longer owns the damaged system.") (citing <u>Wausau Tile, Inc. v. Cty. Concrete Corp.</u>, 593 N.W.2d 445, 454 (Wis. 1999)).

Lakes of Summerville alternatively argues that the real injury at issue is its "inevitable" duty to inspect, repair, and replace the allegedly defective windows in homes it constructed. Pl.'s Resp. 4. However, Lakes of Summerville cannot point to the source of such a duty, and there is no indication that homeowners intend to bring action against Lakes of Summerville. The fact that MIWD brought a third party action against Lakes of Summerville in a separate case is irrelevant to Lakes of Summerville's theory of liability for negligence and strict liability in this case, as it is based instead on perceived but non-imminent threats by homeowners.

While Lakes of Summerville lacks standing to bring claims against MIWD for negligence and strict liability, it does have standing to sue MIWD for fraudulent concealment, breach of warranties, unjust enrichment, and declaratory relief. <u>See</u> <u>Davis</u>, 554 U.S at 734 (standing must be demonstrated for each claim). Lakes of Summerville alleges that is was a direct purchaser of the windows. <u>See</u> Am. Compl. ¶ 2. It can assert a claim for fraudulent concealment to recover monetary loss based on MIWD's duty to disclose information and its resulting inability to "negotiate[e] additional warranty coverage, negotiate[e] a lower price to reflect the risk, or simply avoid[] the risk by purchasing a different, non-defective manufacturer's window." <u>Id.</u> ¶ 54. It can also seek to recoup benefits directly conferred on MIWD through a claim for unjust enrichment and can rely on privity of contract to bring claims for breach of warranty. Finally, Lakes of Summerville can seek declarations from the court based on the substantive claims it

has standing to assert. For these reasons, the court dismisses the claims for negligence and strict liability without prejudice for lack of standing.[1]

### B. Rules 12(b)(6) and 9(b)

MIWD argues that Lakes of Summerville's remaining claims should be dismissed under Rule 12(b)(6) and/or Rule 9(b).

#### 1. Fraudulent Concealment and Rule 9(b)

MIWD contends that the fraudulent concealment claim is not pled with the requisite particularity under Rule 9(b).[2] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P 9(b). This Rule requires a plaintiff to allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and

---

[1] MIWD also argues that Lakes of Summerville lacks standing to represent a putative nationwide class. At this stage, it is more appropriate to determine Lakes of Summerville's standing under Article III. Lakes of Summerville's representative standing will be determined in a later class certification analysis under Federal Rule of Civil Procedure 23. See Sosna v. Iowa, 419 U.S. 393, 403 (1975) (remarking that the ability of a named plaintiff to litigate the interests of a class it seeks to represent "shift[s] the focus of examination from the elements of justiciability to the ability of the named representative to 'fairly and adequately protect the interests of the class'") (quoting Fed. R. Civ. P. 23(a)).

[2] MIWD additionally argues that the fraudulent concealment claim is barred by South Carolina's version of the economic loss doctrine. Under South Carolina law, "if the cause of action is predicated on the alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie." Meddin v. S. Ry.-Carolina Div., 62 S.E.2d 109, 112 (S.C. 1950). "As a matter of law, if the duty to advise another arises merely from agreement of the parties, breach of the duty does not create a cause of action for negligent conduct." Foxfire Vill., Inc. v. Black & Veatch, Inc., 404 S.E.2d 912, 917-18 (S.C. 1991). "However, where the contract creates a certain relationship between the parties, and certain duties arise by operation of law, irrespective of the contract, because of this relationship, the breach of such duties will warrant an action in tort." Enhance-It, L.L.C. v. Am. Access Technologies, Inc., 413 F. Supp. 2d 626, 631 (D.S.C. 2006). Here, Lakes of Summerville's claim is not based on the mere failure to fulfill contractual obligations, but on the duty not to commit fraud by concealing information that should be disclosed. See id. Therefore, at this stage, where the court must accept the allegations as true, the court finds that the economic loss doctrine does not bar Lakes of Summerville's fraudulent concealment claim.

what he obtained thereby." U.S. ex rel. Elms v. Accenture LLP, 341 F. App'x 869, 872 (4th Cir. 2009).

"Nondisclosure is fraudulent when there is a duty to speak." Ardis v. Cox, 431 S.E.2d 267, 270 (S.C. Ct. App. 1993). The duty to disclose generally arises in one of three ways:

> (1) where it arises from a preexisting definite fiduciary relation between the parties; (2) where one party expressly reposes a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied; [or] (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties.

Wright v. Craft, 640 S.E.2d 486, 499 (S.C. Ct. App. 2006) (internal quotation marks omitted); see also Fisher v. Pelstring, 817 F. Supp. 2d 791, 823 (D.S.C. 2011).

In its amended complaint, Lakes of Summerville claims that MIWD "had a duty, and has a continuing duty, to disclose material facts relating to the Windows to Plaintiff." Am. Compl. ¶ 42; see id. ¶ 43 ("Plaintiff and the members of the Class were entitled to disclosure of th[e] risk."). Lakes of Summerville seeks to recoup its "monetary loss" in overpaying for these allegedly defective windows. Id. ¶ 57. While these allegations are sufficient under Rule 12(b)(6), more factual detail is required under Rule 9(b). Lakes of Summerville must plead "with particularity" the circumstances giving rise to MIWD's duty to speak and failure to do so. Therefore, the court dismisses this claim without prejudice.

### 2. Express Warranty—Basis of the Bargain

MIWD moves to dismiss Lakes of Summerville's claim for breach of express warranty, arguing that the express warranty is not alleged to have been seen or heard by Lakes of Summerville prior to purchase and cannot form the basis of a bargain.

A seller may create an express warranty in a number of ways, including "[a]ny affirmation of fact or promise, including those on containers or labels, made by the seller to the buyer, whether directly or indirectly, which relates to the goods and becomes part of the basis of the bargain." S.C. Code Ann. § 36–2–313(1).[3] In addition, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Id. The South Carolina Code extends warranties "whether express or implied . . . to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty." Id. § 36-2-318. In order to establish a breach of an express warranty, a plaintiff must show "the existence of the warranty, its breach by the failure of the goods to conform to the warranted description, and damages proximately caused by the breach." First State Sav. & Loan v. Phelps, 385 S.E.2d 821, 825 (S.C. 1989).

Here, Lakes of Summerville specifically alleges that it purchased the windows from MIWD, thus, it can rely on the benefit of any warranty given as a basis of its bargain. Lakes of Summerville further alleges that MIWD "expressly . . . warranted to Plaintiff and the members of the Class that all of the Windows were merchantable and fit

---

[3] Contrary to MIWD's argument, as an alleged "buyer," Lakes of Summerville may bring claims for breach of express and implied warranty regardless of its current ownership of the windows, in so far as it seeks to recover damages it suffered rather than that suffered by homeowners. See Am. Compl. ¶ 11.

for their ordinary, particular, and intended use and purpose as a single-hung vinyl window," and that "Defendant breached their express . . . warranties." Am. Compl. ¶¶ 62, 65. These allegations are sufficient to survive a motion to dismiss.[4]

### 3. Express and Implied Warranties—Notice

MIWD next argues that the express and implied warranty claims should be dismissed for failure to provide adequate notice of an alleged breach. South Carolina Code Ann. § 36-2-607(3)(a) provides that a "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." "Section 36-2-607(3)(a) does not prescribe any form for the required notification. Courts have thus developed their own guidelines for determining what constitutes adequate notice." United States v. S. Contracting of Charleston, Inc., 862 F. Supp. 107, 111 (D.S.C. 1994) (finding the "lenient standard" of notification to "be the better option"). "[A]ny good faith communication that reasonably notifies the seller that the buyer is troubled by the transaction should suffice to preserve the buyer's right to pursue UCC remedies in the event it suffers damages from the defect." Id. at 112.

Lakes of Summerville alleges that it put MIWD on notice of the breach of express and implied warranties. See Am. Compl. ¶¶ 21, 69-71. "Whether notice was given within a reasonable time is properly a question for the jury." Simmons v. Ciba-Ceigy Corp., 302 S.E.2d 17, 18 (S.C. 1983). Therefore, dismissal on this basis is not appropriate at this time.

---

[4] If Lakes of Summerville chooses to file a second amended complaint in accordance with this order, it may wish to attach the specific warranty relied upon that it alleges formed a basis of its bargain with MIWD.

### 4. Unjust Enrichment—Conferral of Benefit

MIWD moves to dismiss the claim for unjust enrichment for failure to adequately plead the conferral of a benefit. In South Carolina, a claim for unjust enrichment has three elements: (1) a benefit conferred upon the defendant by plaintiff; (2) realization of that benefit by defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for it to retain the benefit. Ellis v. Smith Grading & Paving, Inc., 366 S.E.2d 12, 14 (S.C. Ct. App. 1988).

Lakes of Summerville can allege a direct benefit conferred since it purchased the windows from MIWD, and it has done so in its amended complaint. See, e.g., Am. Compl. ¶ 2 ("Plaintiff and the proposed class, at all times relevant herein, were purchasers of single-hung vinyl windows manufactured, supplied, delivered and sold by M.I. Windows."); id. ¶ 85 ("Plaintiff and the members of the Class have conferred benefits on Defendant by purchasing Defendant's windows."). For this reason, the court denies the motion to dismiss the claim for unjust enrichment.

### 5. Declaratory Relief

Finally, MIWD moves to dismiss Lakes of Summerville's claim for declaratory relief. Courts have "long recognized the discretion afforded to district courts in determining whether to render declaratory relief." Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421-22 (4th Cir. 1998). The declaratory relief sought here is based on the substantive claims in the amended complaint. Declaratory relief would be inappropriate at this stage, as the merits of Lakes of Summerville's substantive claims have not been adjudicated. Therefore, the court dismisses this claim without prejudice.[5]

---

[5] MIWD makes a final argument that all of Lakes of Summerville's claims are compulsory counterclaims in a third party action brought by MIWD against Lakes of Summerville in Johnson

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** plaintiffs' claims for negligence, strict liability, fraudulent concealment, and declaratory relief. Plaintiffs have leave to file a second amended complaint within 14 days of the filing of this order.

**AND IT IS SO ORDERED**.

---
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**November 1, 2012**
**Charleston, South Carolina**

---

v. MI Windows & Doors, Inc., No. 2:11-cv-00167-DCN, and must be dismissed from the present action under Federal Rule of Civil Procedure 13(a).  As noted by counsel for MIWD at oral argument on the motion to dismiss, this compulsory counterclaim argument "really is subsumed within the joinder issues" raised in the Johnson case.  Hr'g Tr., Sept. 20, 2012, ECF No. 38 at 12:25; see Johnson, No. 2:11-cv-00167-DCN, ECF No. 133.  Nevertheless, as it relates to the motion to dismiss under consideration, this argument fails.

Under Federal Rule of Civil Procedure 13(a)(1)(A), a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  The Fourth Circuit has held that a defendant that files a pleading but omits a compulsory counterclaim is barred from pursuing that claim in another action.  See Mellon Bank, N.A. v. Ternisky, 999 F.2d 791, 795 (4th Cir. 1993).  Here, Lakes of Summerville's claims are distinct from those asserted in the third party action in Johnson.  This distinction is augmented by the court's ruling in this order that Lakes of Summerville lacks standing to bring homeowner-type claims for negligence and strict liability.  Lakes of Summerville's remaining claims may proceed in this action without running afoul of Rule 13.