**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: MI WINDOWS AND DOORS, ) <br> INC. PRODUCTS LIABILITY ) <br> LITIGATION ) <br> _____ ) | **MDL No. 2333** <br> **No. 2:12-mn-00001** |
| LAKES OF SUMMERVILLE, LLC, ) <br> individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MI WINDOWS AND DOORS, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | **No. 2:12-cv-01297-DCN** <br><br><br> **ORDER** |

This matter is before the court on defendant MI Windows and Doors, Inc.'s (MIWD) motion for judgment on the pleadings. Plaintiff Lakes of Summerville, LLC (Lakes of Summerville) filed an amended class action complaint on June 25, 2012. MIWD moved to dismiss the amended complaint on August 3, 2012. Following a hearing, the court issued an order dismissing without prejudice Lakes of Summerville's claims for negligence, strict liability, fraudulent concealment, and declaratory relief, but refusing to dismiss the claims for breach of express warranty, breach of implied warranties, and unjust enrichment.

MIWD now seeks to dismiss the claims for breach of implied warranties and unjust enrichment on the grounds that the express warranty excludes recovery for breach of implied warranties and that an unjust enrichment claim cannot stand when an express

1

warranty governs a dispute.  MIWD moves for judgment under Federal Rule of Civil Procedure Rule 12(c).

Rule 12(c) provides, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Courts follow "a fairly restrictive standard" in ruling on Rule 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense."  5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2011). Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff."  BET Plant Servs., Inc. v. W.D. Robinson Elec. Co., 941 F. Supp. 54, 55 (D.S.C. 1996).

MIWD first argues that any implied warranties were disclaimed by an express Limited Warranty.  MIWD's motion is flawed because it relies on matter outside the pleadings; specifically, an express warranty that is not attached to either plaintiff's amended complaint or defendant's answer (or even defendant's motion for judgment on the pleadings[1]).  See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  Courts in this Circuit generally will only consider extrinsic evidence at the Rule 12(c) stage when it is "integral to and explicitly relied on in the complaint" and the plaintiff "do[es] not challenge its authenticity."  Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999); see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

---

[1] While MIWD in its moving papers refers to an express warranty attached as "Exhibit A," no such warranty is attached.

The Limited Warranty to which MIWD refers is not explicitly relied upon in Lakes of Summerville's amended complaint. See Pl.'s Resp. Opp. Def.'s Mot. J. on the Pleadings 3 ("At this point, there is no express warranty in evidence."). In addition, factual issues abound regarding MIWD's alleged disclaimer of warranties. These issues are more appropriate for consideration on a motion for summary judgment. Therefore, judgment on the pleadings is not appropriate on Lakes of Summerville's claim for breach of implied warranties.[2]

MIWD next argues that Lakes of Summerville's equitable claim for unjust enrichment fails because it has an adequate remedy at law—namely, a claim for breach of express warranty. However, parties are routinely permitted to simultaneously plead breach of warranty and unjust enrichment claims on the basis that Federal Rule of Civil Procedure 8(d) authorizes pleading in the alternative. See In re Levaquin Prods. Liab. Litig., 752 F. Supp. 2d 1071, 1081 (D. Minn. 2010) (citing Daigle v. Ford Motor Co., 713 F. Supp. 2d 822, 828 (D. Minn. 2010)); Trevillyan v. APX Alarm Security Sys., Inc., No. 10-1387, 2011 WL 11611, at *7 (D.S.C. Jan. 3, 2011). Because Lakes of Summerville states that its claims are pled in the alternative, see Pl.'s Resp. Opp. Def.'s Mot. J. on the Pleadings 5, the unjust enrichment claim will be permitted to survive at this early stage of the litigation.

For these reasons, the court **DENIES** defendant's motion for judgment on the pleadings.

**AND IT IS SO ORDERED**.

---

[2] Of course, if MIWD wishes to present its arguments regarding the express warranty on a motion for summary judgment, it is entitled to do so. See Fed. R. Civ. P. 12(d) (stating that if on a motion under Rule 12(c) matters outside the pleadings are presented, the motion must be treated as one for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present material pertinent to the motion).

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 4, 2013
Charleston, South Carolina**